Good morning everyone and welcome to the Ninth Circuit. Judge Miller and I are happy to welcome Judge Gilman from the Sixth Circuit who's come here to help us out. Welcome. We'll take the cases in the order on the day sheet. The first case is Jose Alexander Pozo-Rivas v. Garland that's submitted on the briefs. The first case for argument is Gerardo Ortega-Hernandez v. Merrick Garland. Counsel. Good morning your honors. Nicholas Markey on behalf of Petitioner Gerardo Ortega-Hernandez. Your honors, this is a immigration appeal from a petition for review from a BIA decision that was issued in 2020. Mr. Ortega-Hernandez was placed into proceedings in 2014. He sought asylum with holding a removal and Convention Against Tortures relief from removal. In 2018, he had his individual hearing in which the immigration judge denied his request for relief finding that the asylum application was time-barred, his withholding and CAT were denied based on a lack of credibility determination. Mr. Ortega-Hernandez subsequently filed a appeal to the BIA at which time he also sought remand for the thought while he had filed attached to that motion to remand was a application for cancellation of removal pursuant to 8 U.S.C. 1229 B. The BIA dismissed and affirmed the immigration judge and also denied the request for remand. While this matter has been pending, Patel v. Garland was issued and there is an issue whether that is applicable in this case with regard to the motion to remand. It is our position that Patel v. Garland is not applicable to this as it is a motion to remand because under 8 U.S.C. 1252, Patel dealt with factual determinations in the granting of relief under several provisions of the statute, which would include cancellation of removal. Here we are not talking about a decision on the factual representations for the denial of the cancellation of relief. We are asking the court to remand because the BIA did not engage in any factual findings in this case when they held that Mr. Ortega-Hernandez did not establish a prima facie case for relief. In denying the case, they held that there was not a formal – that he had not met his prima facie eligibility because he had not established hardship, extreme and unusual hardship. It is our position that that decision is outside the scope of Patel because it is not a decision on the merits of the case, but is on whether he is eligible for relief on the case. But why? I mean, the court in Patel construed the 1252 jurisdiction stripping language to cover any judgment relating to the granting of relief under, in this case, 1229B. So why isn't what you're challenging a judgment that was related to the granting of relief under 1229B? You are, because there are no factual findings for the court to review for the BIA in their determination. Typically, on these cases that come up from the immigration judge and the Board of Immigration Appeals on a cancellation request for relief, there are determinations, A, for the relief. Once that's established, then there is a determination whether the extreme and unusual hardship has been established through factual findings. In this case, we did not have that. The board merely concluded that there was insufficient relief. I assume the government will argue, well, there was no information about the hardship that was provided. I don't think that that is applicable for the BIA because, as the court is aware, the BIA can't engage in evidentiary hearings and fact-finding at this level. Doesn't the BIA have to evaluate the facts, taking them as true to determine what the petitioner in a motion to remand has established prima facie eligibility for relief? They have to find that he has met prima facie eligibility for relief, and we submit that he did. Well, the BIA said that he didn't, and that seems to be a factual determination based on regarding his eligibility for relief. Why is that not the case? Because there are no facts before the BIA to make that determination. In order to establish eligibility for relief for the prima facie case, you have to meet that eligibility for relief, and that's why we're saying that Patel wouldn't apply because it's not on a grant or denial. Here you have an absence of any facts that were before the BIA. I can point to the application, the 42B, which states, would there be hardship, and he indicated there would. At page, I think it's AR 26, there's a mention of hardship to the family, and AR 27, where he says that his wife would stay in the United States, establishing separation. Now, I'm not saying that those are factual determinations. What I'm saying is that there was sufficient, the BIA did not sufficiently consider eligibility for relief. So, are you saying that Mr. Ortega Hernandez did not make a prima facie case that he was eligible for that relief? Is that your position? So, therefore, the BIA couldn't have considered that his prima facie case? Am I misunderstanding? What I'm saying, Your Honor, is that he did establish the ability for the relief, whether he qualified for it by establishing the burden for extreme and unusual hardship, those facts were not sufficiently before the board to make a determination. That's our position. We're not talking about whether they were correct in granting or denying the application for relief. We're saying that the issue was his eligibility for relief to establish his burden. So, therefore, Patel wouldn't apply. So, I believe that this court has jurisdiction to address that issue and not dismiss that issue presented. I'll move on, Your Honor. As I noted, there are other issues that were raised by Mr. Ortega Hernandez, one being his credibility issue, also the requested reliefs that the IJ and the board denied. As to the credibility issue, we would submit that while we concede that there were inconsistent statements with regards to dates of entry and when those dates of entry occurred, for example, the immigration judge and the board noted that Mr. Ortega Hernandez had said that he entered, I believe, in 2006 and 2009. However, he testified that he entered in 2002 and 2010. I would submit that while issues of credibility are brought up on the dates and whether you can meet the credibility issue on dates, those are not really relevant to the nature of the claim. The nature of the claim was presented and he testified to what had occurred. The fact that there's inconsistencies about the dates of entry and the dates of the conviction, and I would note he indicated that the conviction of Mr. Zamudio, who had killed the police chief, occurred within days. The immigration judge indicated that it happened in 2010. Again, it would be our submission that those are minor by nature. He submitted independent documentation from newspaper articles that backed up what he had said. So, it would be our position that he was consistent within the general parameters of his testimony and his story about the support for withholding and convention against torture. I'm sorry, I was asking if you wanted to save some time for rebuttal. I will save 45 seconds. All right, we'll hear from the government. Good morning, your honors. Lindsay Dunn on behalf of the respondent, Attorney General Merrick Arland. I will start where my opposing counsel had left off in terms of the adverse credibility determination. Quickly, I want to just point out that it's been well established in this court that even if inconsistencies are minor, they still can be counted towards an adverse credibility determination. That's really what is at the root of the denial of withholding and removal. And then I want to point out, as the government has argued in its brief, and certainly as the agency pointed out here, the inconsistencies are not even minor. They're tremendous. For example, the agency points out the differences between the original May 2015 declaration that petitioner and his February 2018 declaration. We're talking about vastly different claims, and those claims differing even from the claims that he raised in testimony. So much so that in the original application that was filed, you know, closer in time to these alleged events, petitioner claimed that he was in Mexico for a specific period in 2006. He claims that he was February 2018 application, and from his testimony, that he is so at the crux of his revised claim, he supposedly witnesses this murder of a police chief in November of 2006. Based on the original declaration, I mean, based on the original declaration and application, he's not even in Mexico in November of 2006. So these are huge, glaring inconsistencies, largely not addressed by counsel, either before the agency and or before this court. So we're talking about inconsistencies in terms of the nature of the claim, whether or not he's even in Mexico when these alleged events occur. You know, him claiming that, for example, in the original declaration from May 2015, that he was too afraid to even approach police about what, you know, this fear that he had to remain in Mexico versus a totally revised claim in which he is now the chauffeur for the chief of police and assists in this big prosecution by being a key witness against the murderer of the chief of police, working with the police in doing so. These aren't even all of the inconsistencies that the immigration judge observed. These are just a few, but I want to just note that they're really tremendous here. Even if they were minor, they could still count towards the credibility hearing. But here, they're just really tremendous, including, for example, him testifying that he went back into Mexico in 2010 for, quote, just 10 days. And during that time period, being advised that a group that he feared was looking for him versus in his application stating that that period lasted for over seven months. Could I just ask you to shift gears here because the time is so limited? Can you explain whether or not we have jurisdiction over the BIA's decision on the motion to remand and whether Patel is applicable in this different posture where it's the denial of a motion to remand? And the determination was that Mr. Ortega Hernandez did not make a prima facie case of exceptional and extremely unusual hardship of a qualifying relative? Yes. Thank you. So, thank you, Your Honor. We do feel Patel is applicable here. I do want to note that whether or not Patel is applicable, it's been long established that in cases like this, where petitioner does not meet his burden before the agency to submit any information to establish a prima facie case, whether or not there's jurisdiction, this court has made clear that the agency in that kind of circumstance has not abused its discretion. So, whether or not we have jurisdiction here, where a petitioner submits nothing, and I do invite the court to look at those pages that petitioner highlighted because I'm not seeing this supposed hardship argument that he's making. I also invite the court to look at pages 16 and 20 of the record. That's his remand motion. All he does is identify a qualifying relative. Again, he makes no sort of argument and provides no information with respect to extreme hardship and is now coming back and saying, well, I provided nothing. So, therefore, I'm entitled to extended judicial review. It just doesn't make sense. And I want to note, not only does it not make sense under Patel, where now there's, as the court explained, judgments include even those that are leading up in terms of eligibility. So, yes, we think Patel applies here. But even if he didn't, this court in Fernandez has previously looked at this context in terms of someone has filed for a motion to reopen and determine at least sometimes this court can look where someone has not, or this court is permitted, is not, pardon me, this court is not permitted to look where the petitioner hasn't established prima facie eligibility. Of course, we have to know whether we have jurisdiction to review the BIA's rulings, and we can't say the BIA didn't abuse his ruling. Our question to you in the focus order was, walk us through whether or not we have jurisdiction under Patel, how Patel applies. Thank you, Your Honor. And I do want to point to specifically within Patel, 142 Supreme Court 614, but that passage at 1622, where the court there that language regarding has a really expansive interpretation, and it's going to apply not just to the final determination, not just to discretionary determinations, but anything leading up to that. I want to note that in Patel, petitioner argued similarly to what petitioner in this case is arguing, that it only applies to the last in time or the ultimate judgment. The government argued it only applies to discretionary judgments, and the court rejected both of those things, and again said it's, it's the broadening effect of regarding is ensuring the scope of the provision covers not only its subject, but also matters relating to its subject. I think the, I think Patel says that that is actually related to factual determinations, because our, our jurisdiction over legal and constitutional issues is preserved, and opposing counsel says there were no factual determinations here, and you seem to confirm that there were no facts in his brief. So do, do we never, are we nevertheless deprived of jurisdiction over the BIA's decision, and if so, why? Yes, because the inquiry here is still ongoing. I do want to direct the court to the 11th Circuit's decision on this from just this Monday. That's in Flores, it's Flores Alfonso, and it's 2022 Westlaw 1948846. There the court post Patel explains that this analysis as a whole is still inherently factual in nature, even if a petitioner like in this case is, is making this sort of challenge, and I again kind of asked the court to think about the logic of what petitioner is asking us to do here. His burden was to present some evidence to meet the prima facie standard. He presented nothing. Then the, the board clearly acknowledged, and I point the court to pages 10 and 11 in the record, you presented nothing, now petitioner is saying the, the absence of information somehow makes this analysis no longer factual. It doesn't, it doesn't quite make sense logically here, or at least the government does not view it to be the case. But again, even if the court determines that it does have jurisdiction, ultimately the result under this court's precedent is that petitioner loses it was his burden to establish prima facie eligibility, and he doesn't even assert or provide any information with respect to extreme hardship. And again, I invite the court to look at the record pages 16 pages 20 and also the, the petitioner pointed out 26 and 27. There's just simply nothing there. With the remainder of my time, I do also want to note that after Patel, you know, we encourage the court to to in the least reconsider Fernandez, because it is also based on the theory that a changes the landscape there and clarifies that under this particular judicial bar, when we're looking at these provisions, it's not just a discretionary determination. The court makes that very clear. Okay, I think we have your argument. You have a few seconds left for rebuttal. Yes, your honor. With regards to Fernandez, the government wants this court to revisit that I think that Fernandez is clearly on point when it says a motion to reopen for applying for relief is not a judgment regarding the granting of relief. As to their request for the court to look at Flores Alonzo out of the 11th circuit. Again, I would say here you had a factual basis before the underlying BIA had the facts. Here we don't have any facts. We would say that the court has jurisdiction and that should be remanded. We would submit on the remaining arguments. We would ask the court to issue a decision on the joint motion for administrative judicial closure also. Thank you, honors. Okay, the case of Heraldo Ortega Hernandez versus Garland is submitted.
judges: Gilman, IKUTA, MILLER